UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IT'S A NEW 10, LLC, a Florida Limited Liability Company, )))) | |
| Plaintiff, ) | ___ Civ. _____ (___) |
| v. )) | ECF Case |
| FIT & GLOW, INC., a Florida corporation; and FIT & GLOW HEALTHCARE PRIVATE, LTD., a Foreign Limited Liability Company of India, ))))) | JURY TRIAL DEMANDED |
| Defendants. )) | |

## COMPLAINT

Plaintiff It's a New 10, LLC ("Plaintiff" or "It's a New 10"), by and through its undersigned attorneys, hereby alleges and avers as follows:

### The Parties

1.      Plaintiff It's a New 10, LLC is a limited liability company organized under the laws of the state of Florida with a principal place of business at 4613 North University Drive, #478 Coral Springs, Florida 33067.

2.      Upon information and belief, Defendant Fit & Glow, Inc. is corporation organized and existing under the laws of the State of Florida.

3.      Upon information and belief, Defendant Fit & Glow Healthcare Private Ltd. ("Fit & Glow" or "Defendant") is a foreign limited liability corporation of India with its principal place of business located at India No. 10, 1st Floor, Oil Mill Road, Arvind Nagar Kammanahalli Bangalore Chennai, Karnataka, India 560033.

1

4.      Upon further information and belief, Defendants are selling, advertising and promoting products that are the subject of this Complaint in retail stores throughout Florida and on websites accessible in Florida, including in this judicial district, and throughout the United States.

## Jurisdiction and Venue

5.      This Court has jurisdiction over the subject matter of this action under Section 39(a) of the Lanham Act, 15 U.S.C. §1121 and Sections 1331, 1332(a)(1), 1338(a), 1338(b) and 2201 of the Judicial Code, 28 U.S.C. §1331, 1338(a) and (b), and under principles of pendent jurisdiction. The Court also has supplemental jurisdiction pursuant to the provisions of 28 U.S.C. §1367.

6.      Personal jurisdiction is proper in this district because Defendants have either engaged in business activities in, and directed to, this judicial district and is doing business in the State of Florida and this judicial district or have intentionally committed a tortious act within this district and/or has committed a tortious act outside of the State of Florida causing injury to Plaintiff within this judicial district.  Defendants intentionally directed their infringing activities to the State of Florida and this judicial district, sell and/or advertise and promote infringing products for sale on websites accessible in Florida, including the infringing products, identified herein, within the State of Florida and in this judicial district, and the exercise of personal jurisdiction would be otherwise constitutionally permissible over Defendants.

7.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because upon information and belief a substantial part of the events giving rise to Plaintiff's claim occurred in this district, including, *inter alia*, Defendants committed trademark infringement in this judicial district and sold, advertised and/or promoted their infringing products in this district through retail stores or websites accessible in this judicial district. Plaintiff resides in this judicial district,

conducts a substantial part of its business in this district, and Plaintiff has been injured in this district by Defendants' infringing activities.

## Plaintiff's Trademark Rights

8.      Plaintiff It's a New 10 is a nationally recognized leader in the innovation and sale of a full line of women's and men's hair care products, including but not limited to, innovative hair care formulas for leave-in hair products that are left in the hair and do not need to be washed out. Plaintiff is the owner of the well-known and top-selling "It's a 10 Miracle" hair care product line.

9.      Plaintiff manufactures and sells several collections of professional hair care products, including a "conditioning collection," which includes Plaintiff's top-selling It's a 10 Miracle Leave-In Product, a "keratin collection," and a "defrizzing collection." The hair care products sold in Plaintiff's collections are referred to herein collectively as "**It's a 10 Miracle Hair Products**."

10.      Plaintiff promotes and sells all of its **It's a 10 Miracle Hair Products** under the It's a 10 trademark in combination with a family of Miracle-formative marks.

11.      It's a New 10 has long-standing common law rights in its It's a 10 trademark and Miracle Formative Marks and is the owner of numerous federal U.S. trademark registrations for It's a 10 and for numerous MIRACLE-formative marks for hair care products as identified below (collectively "the Registrations").

| MARK | REG. NO. | DESCRIPTION OF GOODS |
|---|---|---|
| IT'S A 10 MIRACLE LEAVE IN PRODUCT | 4578758 | IC 003 Hair care preparations; hair styling preparations; hair care products, namely, hair gels and conditioners. |
| IT'S A 10 | 3420182 | IC 003 A full line of hair care products, namely, shampoos, and conditioners styling gels, hair lotions and hair sprays. |
| IT'S A 10 HAIRCARE | 5426017 | IC 003. Hair shampoos, hair conditioners, hair leave-in conditioners, hair sprays, hair gels, hair creams, |

| MARK | REG. NO. | DESCRIPTION OF GOODS |
|------|----------|----------------------|
| | | hair conditioning masks, hair styling paste, hair oil, hair lotion, hair pomade, hand cream. |
| MIRACLE LEAVE IN PRODUCTS | 3,446,682 | IC 003. A full line of hair care products, namely, shampoos, conditioners, styling gels, hair lotions and hair sprays. |
| MIRACLE HAIR MASK | 3,760,933 | IC 003. Hair care products, namely, a hair conditioner and strengthener. |
| MIRACLE LEAVE IN PLUS KERATIN | 4,082,539 | IC 003. Hair care products, namely, styling, nourishing and protective sprays. |
| MIRACLE STYLING MOUSSE | 4,537,870 | IC 003. Hair styling aids, namely, hair mousse. |
| MIRACLE SILK | 4,556,470 | IC 003. Hair care products, namely, shampoos and conditioners. |
| MIRACLE SILK SMOOTHING BALM | 4,672,156 | IC 003. Hair care products, namely, hair styling balms. |
| MIRACLE SILK SHAMPOO | 4,705,180 | IC 003. Hair care products, namely, shampoos. |
| MIRACLE SILK HAIR MASK | 4,705,175 | IC 003. Hair care preparations; hair care products, namely, hair masks. |
| MIRACLE LEAVE IN FOR BLONDES | 4,404,247 | IC 003. Hair care preparations; hair care products, namely, hair conditioner, hair cream, hair gel, and hair lotion. |
| MIRACLE LEAVE IN LITE | 4,276,330 | IC 003. Hair care products, namely, leave in conditioning aids. |
| MIRACLE SHAMPOO PLUS KERATIN | 4,210,868 | IC 003. Hair care products, namely, shampoos. |
| MIRACLE OIL PLUS KERATIN | 4,210,866 | IC 003. Hair care products, namely, oil preparation for hair. |

4

| MARK | REG. NO. | DESCRIPTION OF GOODS |
|---|---|---|
| MIRACLE VOLUME SHAMPOO | 4,210,867 | IC 003. Hair care products, namely, shampoos. |
| MIRACLE FINISHING SPRAY | 4,210,865 | IC 003. Hair care products, namely, styling sprays. |

12.    The foregoing marks are collectively referred to herein as the **It's a 10 Trademark and Miracle Marks.**

13.    Representative **It's a 10 Miracle Hair Products** using the **It's a 10 Trademark and Miracle Marks** are depicted in Image 1 below.

**IMAGE 1**

**(Plaintiff's It's a 10 Miracle Defrizzing Collection)**



14.    Plaintiff also has established long-standing common law rights in the **It's a 10 Trademark and Miracle Marks** as a result of continuous, exclusive and substantial use of the

5

**It's a 10 Trademark and the Miracle Marks** in interstate commerce on or in connection with its **It's a 10 Miracle Hair Products** commencing in 2006.

15.    Plaintiff also has established common law trademark rights in a list of 10 benefits appearing on many of the **It's a 10 Miracle Hair Products**.

16.    Plaintiff has spent millions of dollars to date on the advertising and promotion of the **It's a 10 Miracle Hair Products** and has invested an immeasurable amount of time and effort in the development of its unique brand and product line.

17.    Plaintiff's sales of the **It's a 10 Miracle Hair Products** line have exceeded $400 million since 2006 which includes Plaintiff's top-selling products at issue in this action.

18.    Plaintiff's **It's a 10 Miracle Hair Products** have earned substantial recognition among professional salons and consumers as high-quality products, receiving glowing reviews not only from consumers, but celebrities alike.

19.    The **It's a 10 Miracle Hair Products** have also generated substantial attention and praise in various famous publications and magazines, including, but not limited to: *Cosmopolitan, Fitness Magazine, Good Housekeeping, In Style, In Touch, Ladies' Home Journal, Life & Style, Latina Magazine, Lucky Magazine, Martha Stewart Wedding Magazine, O magazine, OK! Magazine, People Magazine, Redbook, SELF Magazine, Seventeen, Star Magazine, Teen Vogue,* and *US Magazine.*

20.    **It's a 10 New 10's** predecessor, **It's a 10, Inc.**, was the exclusive supplier of hair care products for the Miami Heat (*i.e.*, a professional basketball team of the National Basketball Association based in Miami, Florida), further enhancing the popularity of this already successful It's a 10 hair care line.

21.    The **It's a 10 Miracle Hair Products** have also won numerous awards, including but not limited to, the *Oprah 2019 Fall Beauty Awards, September 2019 Total Beauty Award,*

*Cosmopolitan Beauty Award*, *New Beauty Choice Award*, *Parent Mom Knows Best Beauty Award*, *Life & Style the Best of Beauty*, *Teen Vogue Beauty Award*, *OK Magazine Spring Beauty Award* and the *Destination and Honeymoon Beauty Award*.

22.     Plaintiff promoted its **It's a 10 Miracle Hair Products** by broadcasting a promotional commercial during the live 2017 Super Bowl which reached millions of viewers.

23.     As a result of Plaintiff's considerable promotional efforts and sales, it has achieved huge commercial success and the **It's a 10 Trademark and Miracle Marks** are widely recognized by consumers and the beauty industry as indicating the source of Plaintiff's **It's a 10 Miracle Hair Products**.

24.     The **It's a 10 Trademark and Miracle Marks**, and the goodwill associated therewith, are of inestimable value to Plaintiff.

**Defendants' Infringing Acts**

25.     Defendants sell and promote a line of hair care products.  Long subsequent to Plaintiff's adoption and use of its **It's a 10 Miracle**-formative marks, Defendants adopted and began use of a confusingly similar mark of **10 in 1 Miracle** for women's hair care and shampoo products which, similar to Plaintiff, includes a list of 10 benefits on the packaging and the same color scheme ("**Defendants' Infringing Products**").

26.     **Defendants' Infringing Products** are depicted in Image 2 below.

**IMAGE 2**
**(Defendant's Infringing Products)**



27.     Upon information and belief, **Defendants' Infringing Products** are sold in stores and advertised on the internet in proximity to the **It's a 10 Miracle Hair Products**.  Defendants' Infringing Products are discussed in online blogs and forums along with the **It's a 10 Miracle Hair Products**.

28.     When the respective products are sold and advertised in the same channels of trade and same websites, a side by side comparison of the products is appropriate to establish trademark infringement.  Image 3 below is a side by side comparison of representative products of **It's a 10 Miracle Hair Products** and **Defendants' Infringing Products.**

**IMAGE 3**

**Plaintiff's Products**                    **Defendants' Infringing Products**



29.    **Defendants' Infringing Products** are likely to continue to cause confusion, including initial-interest confusion, point-of-sale confusion and post-sale confusion, and to deceive consumers as to whether there is an affiliation, connection or association between Plaintiff and **Defendants' Infringing Products.**

30.    Plaintiff is suffering irreparable injury to its valuable trademark rights. Defendants' conduct has caused and, if allowed to continue, will continue to cause irreparable damage to Plaintiff's business, reputation and goodwill. Plaintiff's damages are not yet ascertained.

31.    The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, constituting an exceptional case within the meaning of 15 U.S.C. §1117.

## COUNT I
### Registered Trademark Infringement
### (15 U.S.C. § 1114)

32.     Plaintiff repeats and re-alleges all of the allegations contained in the preceding paragraphs as if fully set forth herein.

33.     Plaintiff's **It's a 10 Trademark and Miracle Mark** are federally registered trademarks that are inherently distinctive, nonfunctional and/or have acquired secondary meaning in the marketplace.

34.     Defendants, without authorization from Plaintiff, have promoted, distributed, sold and/or offered for sale products that use a trademark that is confusingly similar to Plaintiff's **It's a 10 Trademark and Miracle Marks**.

35.     On information and belief, the foregoing acts of Defendants were willful and Defendants intended to cause, has caused and is likely to continue to cause confusion, mistake, and deception among consumers, the public and the trade who recognize and associate Plaintiff's **It' a 10 Trademark and Miracle Marks** with Plaintiff, all in violation of 15 U.S.C 1114.

36.     The foregoing illegal acts of Defendants have caused irreparable injury to Plaintiff and will continue to cause irreparable injury to Plaintiff's business and goodwill. Plaintiff is also entitled to damages under 15 U.S.C. 1117.

## COUNT II
### Common Law Trademark Infringement
### (15 U.S.C. 1125(a))

37.     Plaintiff repeats, re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

38.     Defendants' use in commerce of **Defendants' Infringing Products** in order to profit off the goodwill and reputation associated with the **It' a 10 Trademark and Miracle Marks** was intended to cause, and is likely to continue to cause confusion, mistake and

deception among consumers as to whether **Defendants' Infringing Products** are affiliated with, sponsored or approved by Plaintiff.

39.     Defendant's use of 10 benefits on the packaging of **Defendants' Infringing Products** infringes Plaintiff's common law rights in its listing of 10 benefits.

40.     As a direct and proximate result of Defendant's infringement, Plaintiff has suffered, and will continue to suffer, irreparable injury and monetary loss to its business. Plaintiff is entitled to damages.

**COUNT III**
**False Designation of Origin and False Advertising**
**(15 U.S.C. §1125(a))**

41.     Plaintiff repeats, re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

42.     Plaintiff's **It' a 10 Trademark and Miracle Marks** are distinctive, have been used throughout the United States and elsewhere, and are well known to distributors in the trade and consumers as an indicator of source of **It' a 10 Hair Miracle Products**.

43.     Defendants' promotion, distribution, sale, and offering for sale of **Defendants' Infringing Products**, which use confusingly similar trademarks**,** constitutes false designation of origin or sponsorship of such goods and is likely to confuse, mislead, and deceive consumers and other purchasers, and members of the public as to the origin of the goods or to cause said persons to believe that the goods have been sponsored, approved, authorized or licensed by Plaintiff or are in some way affiliated with Plaintiff, all in violation of 15 U.S.C. § 1125(a). Plaintiff has suffered and will continue to suffer irreparable injury and is also entitled to damages under 15 U.S.C. 1117.

11

<u>**COUNT IV**</u>
<u>**Violation of Florida Deceptive Acts and Unfair Trade Practices Act**</u>
<u>**Pursuant to Florida Statute § 501.201**</u>

44.     Plaintiff repeats, re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

45.     Defendants' use of a mark virtually identical to the **It's a 10 Trademark and Miracle Marks** coupled with the use of **10 benefits** for use in connection with identical goods is clearly intended to deceive Florida consumers as to the origin of Defendants' goods and to mislead customers into believing that Defendants' goods have been sponsored, approved, authorized or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff in violation of Florida Statute §502.201.

46.     Defendants' use of a confusingly similar mark in selling, advertising and promoting hair products using a mark virtually identical to Plaintiff's marks constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce in contravention of Florida state law.

47.     As an actual and proximate result of Defendants' deceptive activities, Plaintiffs have been damaged to an amount according to proof at the time of trial and shall be entitled to costs and attorney fees in addition thereto as provided in §502.2105.

<u>**COUNT V**</u>
<u>**Unfair Competition Under Common Law of Florida**</u>

48.     Plaintiff repeats, re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

49.     Defendants intended to profit off the goodwill associated with Plaintiff's **It' a 10 Trademark and Miracle Marks** through the use of its 10 in 1 Miracle mark which is confusingly similar to Plaintiff's **It' a 10 Trademark and Miracle Marks**. Defendants acted in

bad faith and intended to deceive consumers as to the origin of Defendants' goods and to mislead customers into believing that Defendants' goods have been sponsored, approved, authorized or licensed by Plaintiff or are in some way affiliated or connected with Plaintiff.

50.     Defendants' actions constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce in contravention of Florida law.

51.     As an actual and proximate result of Defendants' deceptive activities, Plaintiff has suffered and will continue to suffer irreparable harm and has also been damaged in an amount according to proof at the time of trial, and shall be entitled to damages, costs and attorney fees in addition thereto.

**COUNT VI**
**Unjust Enrichment**

52.     Plaintiff repeats, re-alleges and incorporates by reference all of the allegations contained in the preceding paragraphs as if fully set forth herein.

53.     Defendants intentionally used, and continues to use, a trademark that is confusingly similar to Plaintiff's **It' a 10 Trademark and Miracle Marks** in order to divert consumers to **Defendant's Infringing Products** and to profit off the goodwill associated with Plaintiff's **It' a 10 Trademark and Miracle Marks**.

54.     As a result of Defendants' infringing activities, a monetary benefit has been conferred upon Defendants. Defendants voluntarily realized and retained such benefit.

55.     Defendants have been unjustly enriched at Plaintiff's expense, and the present circumstances as well as principles of equity are such that it would be inequitable to allow Defendants to retain such monetary benefits without requiring the Defendants to make restitution to Plaintiff for damages related thereto.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands as follows:

1.       Defendants, their agents, subsidiaries, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, or corporations in active concert or participation with Defendants be enjoined and restrained preliminarily and permanently from:

(a)       directly or indirectly infringing Plaintiff's **It's a 10 Trademark** and/or **Miracle Mark**s;

(b)       distributing, advertising, selling, or offering Defendants' products for sale using the **10 in 1 Miracle** mark or any derivative thereof, including but not limited to any mark comprised of MIRACLE, or the terms 10 and MIRACLE;

(c)       using a list of 10 benefits on Defendants' packaging;

(b)       engaging in any conduct that is likely to confuse, mislead, or deceive consumers to believe that Defendants or **Defendants' Infringing Products** are sponsored, approved, licensed or in any way connected or affiliated with Plaintiff; and

(c)       otherwise competing unfairly with Plaintiff in any manner.

2.       Defendants be required to deliver for destruction to Plaintiff's counsel all goods in its possession or under its control, including **Defendants' Infringing Products**, and any promotional and advertising material related thereto, and any other unauthorized items that infringe Plaintiff's **It's a 10 Trademark and Miracle Marks**.

3.       Defendants be required to account for and to pay to Plaintiff all of Defendant's profits and all of Plaintiff's damages resulting from Defendant's foregoing infringing and unfair activities;

14

4.      Plaintiff recover from Defendants its costs of this action, reasonable attorneys' fees, and prejudgment and post-judgment interest;

5.      Plaintiff recover from Defendants punitive damages;

6.      Plaintiff be awarded damages under 15 U.S.C. 1117 and enhanced damages under 15 U.S.C. 1117 for willful infringement;

7.      Plaintiff be awarded its actual damages caused by Defendants' unlawful conduct; and

8.      Plaintiff be entitled to any and all further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable to a jury.

Dated: April 28, 2020

Respectfully submitted,

*Michael J. Sacks*
Michael J. Sacks/
Michael J. Sacks FBN: 65625
The Sacks Firm
7210 Wisteria Avenue
Parkland, FL 33076
(954)575-8691
email: msacks@bellsouth.net

/Edward P. Kelly/
Edward P. Kelly (to be admitted *pro hac vice*)
Tiajoloff & Kelly LLP
The Chrysler Building, 37th floor
405 Lexington Avenue
Florida, Florida 10174
212 490 3285
212 490 3295 (fax)
email: ekelly@tkiplaw.com